THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - -X

NETANSET DANKI                          :
1375 Elm Grove Circle
Silver Spring, MD 20905            :  CA_____

                                          **JURY DEMAND**

          Plaintiffs,

               v.                   :

COLONIAL PARKING, Inc.              :
1050 Thomas Jefferson Street, N.W.
Suite 100                           :
Washington, D.C. 20007
                                    :
Serve: CT Corporation System(Reg. Agent)
       1015 15ᵗʰ Street, NW, Suite 1000
       Washington, DC 20005        :

               Defendant    :

- - - - - - - - - - - - - - - - - -X

## COMPLAINT

**COME NOW PLAINTIFF**, cashier/parking lot attendants employed in the District of Columbia by Defendant, Colonial Parking, Inc.(hereinafter 'Colonial') by and through the undersigned counsel, and for the Complaint states and/or alleges the following:

### JURISDICTION

1.    Plaintiff brings this action on behalf of herself and others similarly-situated to recover from Defendant Colonial for unpaid work and for unpaid overtime compensation and an additional equal amount as liquidated damages, costs and attorneys fees pursuant to Section 16(b) of the Federal Fair Labor Standards Act (hereinafter "FLSA") of 1938, Title 29, United States Code, Section 216(b) and the D.C. Code §32-1001 et seq. and for not receiving their final paycheck in a timely manner pursuant to D.C. Code §32-1301, et seq.

2.    Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), and 28 U.S.C. §1331, and by D.C. Code §32-1001 et seq and

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

§32-1301 et seq.

**THE PARTIES**

3.     The Defendant, Colonial Parking, Inc., is a private automotive parking management and valet parking business which provides auto parking services in the District of Columbia and is subject to the provisions of the FLSA as well as the D.C. Code.

4.     The plaintiffs are hourly-paid cashier/parking lot attendants employed by the Defendant and whom work for Colonial at their numerous parking lots located throughout the City.  Plaintiffs are not Federal or State employees nor are they exempt employees under either the FLSA or DC Code.

**I. FAILURE TO PAY OVERTIME (FLSA and DC Code)**

5.     Plaintiffs respectfully file with this Court an "opt-in" or "consent to sue" certificate consistent with a collective action as set forth in the Federal Fair Labor Standards Act, as amended by the Portal to Portal Pay Amendment of 1947, and the DC Code §32-1012(b) and §32-1308 requiring that each member of the class affirmatively "opt-in" to the lawsuit.  This is not a class action.

6.     Plaintiffs either are or have been employed with the Defendant and now bring this suit, in part, upon Defendant's on-going failure to pay hourly wages for working time; Defendant's failure to pay overtime; and Defendant's failure to timely pay final paychecks.  The above actions are brought per the FLSA and the D.C. Code §32-1001 et seq and D.C. Code §32-1301 et seq.

7.     Defendant is in violation of the Fair Labor Standards Act, 29 U.S.C. §216(b) by refusing to pay their Plaintiff employees for overtime, while requiring them to work past 40 hours a week and not

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

paying overtime.   This also violates DC Code §3232-1001, et seq.

8.   At all times relevant hereto, Defendant was/is an employer within the definition of that term as set forth in the FLSA[1] and the applicable DC Code provisions.

9.   At all times relevant hereto, Plaintiffs were/are employees within the definition of that term as set forth in the FLSA and the applicable DC Code provisions.

10.   At all times relevant to this proceeding, Plaintiffs have been employed by the Defendant as cashier and parking lot attendants at Defendants numerous parking facilities throughout the District of Columbia.

11.   As  part  of  the  requirements  by  Defendant  Colonial, Plaintiffs are frequently required to be at work for over 40 hours per week and are not paid at the required overtime rate when they past the 40-hour mark in any given week, the Plaintiffs are, instead, if they are paid at all(See, section II below), are paid at only their straight hourly rate of pay.

12.   Plaintiffs often work past 40 hours of work and are not paid overtime, without compensation, in violation of FLSA, 29 U.S.C. §207(a)(2) and DC Code §32-1001 et seq.

13.   During the period covered by said employment, Plaintiffs have  performed  work  and/or  overtime  for  which  no  additional

KENNEDY & DOLAN
SUITE 305
100-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

---

[1]29 U.S.C. §203(s)(5) 1986.

3

compensation was paid to them by the Defendant as is required by the DC Code and/or the FLSA.

14.   During the period covered by said employment, Plaintiffs have been compensated by Defendant for their services at an hourly rate of between approximately $8 and $15 per hour.

15.   Under the provisions of the FLSA and the DC Code there is money due and owing from Defendant to Plaintiffs as compensation for work, at their regular hourly rate and/or at an overtime rate; plus an additional equal amount as liquidated damages and for their costs and attorneys fees; all of which are required to be paid by Defendant.   Such work is not de minimis.

16.   The actions of Defendant in failing to provide additional compensation for the work performed by this Plaintiff and others similarly situated are willful and without legal justification.

17.   The actions of the Defendant in failing to provide additional compensation for overtime work performed by Plaintiffs, and others similarly situated, has continued and is continuing to this date.

## II. FAILURE TO PAY FOR WORK PERFORMED

### (overtime per the FLSA/DC CODE and regular rate of pay DC Code)

18.   Plaintiffs incorporate paragraphs 1-17 above as stated herein.

19. Defendant is also in violation of the Fair Labor Standards Act, 29 U.S.C. §216(b) and the DC Code §32-1001 et seq by refusing and/or failing to pay their Plaintiff employees for the times on their timecards despite performing their working duties, resulting

KENNEDY & DOLAN
SUITE 305
100-A MONROE STREET
ROCKVILLE, MD 20850

301-609-3000

4

often in what amounts to an additional amount of unpaid overtime as required by the FLSA and DC Code over and above to the regular amount of hourly pay required to be paid under the DC Code which defines "working time" in §32-1002. Despite Defendant knowing or should have known its employee Plaintiffs were performing work, the Plaintiffs must be compensated for this working time under the Code either at an overtime rate or at their regular hourly rate and yet they are not being paid at all by Defendant for these times due to Defendant's illegal timecard redactions. Working before or after a "scheduled" shift, does not exempt the employer for paying for working duties when the employer knew or should have known Plaintiffs were performing working duties on their behalf. The failure to compensate for the work performed is brought pursuant to the DC Code while the failure to pay the resulting overtime in bought under the FLSA and DC Code.

20. Defendant has Timecards which reflect the time worked by Plaintiffs but even after doing the work as reflect on these Timecards, the Defendant's shift supervisors denies the actual working times by cutting time worked. Defendant does not then pay Plaintiffs for work performed in violation of the DC Code. Often these uncredited/un-paid-for working hours would have pushed the Plaintiff into an overtime status and Defendant's failure to then pay this working time at an overtime is in violation of the overtime provisions of both the FLSA and the DC Code.

21. The work conducted by the Plaintiffs is not legally de minimis.

KENNEDY & DOLAN
SUITE 305
!00-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

5

22.   Plaintiffs' are owed unpaid overtime each week, in addition to uncompensated time for working for which no compensation is received in violation of FLSA, 29 U.S.C. §207(a)(2) et al. and the DC Code §32-1001 et seq.

23.   During the period covered by said employment, Plaintiffs have performed this work and this overtime work for which no additional compensation was paid to them by the Defendant.

24.   Under the provisions of the FLSA, as provided in 29 U.S.C. §§207 and 216, and the DC Code §32-1001 et seq., there is money due and owing from Colonial Parking, Inc. to Plaintiffs as compensation for overtime work for three years preceding this Complaint; plus an additional equal amount as liquidated damages in addition to Plaintiffs' costs and attorneys fees.

25.   The actions of Colonial in failing to provide compensation to the Plaintiffs and others similarly-situated for their pre and post-shift work and/or to pay at the additional overtime rate for that work when it pushes the Plaintiff employee past the 40-hour mark for that workweek are willful and without legal justification.

26.   The actions of the Defendant in failing to provide compensation for the time worked at the regular rate of pay and the additional compensation for overtime work performed by Plaintiffs and others similarly-situated went worked past 40 hours in a week, has continued and is continuing to this date despite Plaintiff protests to Defendant about their failure to do so/illegal practice.

III. **Failure to Promptly Pay Wages Upon Discharge or Resignation**

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

6

27.   Plaintiffs incorporate paragraphs 1-26 above as stated herein.

28.   Plaintiffs also bring this action for the failure by defendant to promptly pay wages earned due to reducing time worked reflected on Defendant's Timecards and also to timely pay their final paycheck upon discharge or resignation/quitting per DC Code §32-1301 et seq.

29.   Plaintiffs and Defendant are employees/employer as defined in the Code and Plaintiffs are wage earners whom are not exempt/excluded employees under the Code.

30.   Whenever Defendant fails to pay the earned wages due to reducing the time punched on Colonial's Timecard Detail sheets it violates §32-1302 and when Defendant discharges an employee, the Defendant does not, as required by §32-1303, pay the plaintiffs' final paycheck not later than the working day following such discharge.

31.   Also, upon information and belief, whenever a Plaintiff employee resigns or quits, the Defendant does not, as required by §32-1303, pay the plaintiffs' wages upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier.   Defendant's policy is to force plaintiffs to pick their termination date despite Colonial ceasing their working times/job status in violation of the purpose of the DC Code and in direct contravention of its provisions.

32.   Under the provisions of the DC Code there is money due and owing from Defendant to plaintiffs plus an additional amount

KENNEDY & DOLAN
SUITE 305
:00-A MONROE STREET
ROCKVILLE. MD 20850

301-608-3000

7

as liquidated damages as defined in the Code and also the costs of bringing the action, their costs or fees of any nature and also their attorneys fees are to be paid by Defendant.

33. The actions of Defendant in failing to promptly pay wages as required under the DC Code, Chapter 13 "Payment and Collection of Wages", §32-1301, et seq. to plaintiff and others similarly-situated are willful and without legal justification.

34. The actions of the Defendant in failing to promptly pay wages for work performed by Plaintiff, and others similarly-situated, has continued and is continuing to this date.

## DAMAGES

35. Plaintiffs have suffered and will continue to suffer damage directly as a result of Defendant Colonial's failure to pay overtime in violation of the FLSA and the DC Code for the work performed by plaintiffs; Colonial's failure to pay any wages or any compensation whatsoever as required by the DC Code for the work performed but not paid for on a Timecard worksheet; and also for Defendant's failure to promptly pay wages under the DC Code.

**WHEREFORE**, for the reasons stated in this complaint, plaintiffs respectfully request this Court enter a judgment against Defendant Colonial Parking, Inc. for an amount to be proven at trial or for an amount over $75,000.00 and/or provide injunctive relief to order Colonial Parking to comply with the law for: (1) its failure to pay overtime for plaintiffs' work past 40 hours in a workweek, plus an equal amount for liquidated damages, and costs and fees under the provisions of the FLSA and the DC Code that this Court also award

KENNEDY & DOLAN
SUITE 305
100-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

8

a reasonable attorneys fee to be paid by defendant as provided for in the FLSA and the DC Code; (2) its failure to pay any compensation whatsoever for plaintiffs' time worked as reflected on their Timecards despite Colonial's knowledge of their time worked, plus an equal amount for liquidated damages, and costs and fees under the provisions of the DC Code and that this Court also award a reasonable attorneys fee to be paid by defendant as provided for in the DC Code; and (3)  damages under the DC Code incurred by plaintiffs for Defendant's failing to promptly pay plaintiffs' wages as required under the DC Code and for liquidated damages as defined therein and for all costs and fees of the action, including attorneys fees as so stated therein; and all other proper relief, including pre- and post-judgment interest at the legal rate, and costs of this action.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES OF ACTION**

John F. Kennedy, Esq. D.C. Bar 413509
Kennedy & Dolan
200-A Monroe Street, Suite 305
Rockville, MD 20850
(301) 608-3000, fax: 608-3007
Cell: (202)421-4675
E-mail: JFKDC@aol.com

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - -X
NETSANET DANKI, et al.              : Civil Action #_____
                                    :
         Plaintiffs,                :
                                    :
    v.                              :
                                    :
COLONIAL PARKING, Inc.              :
                                    :
         Defendant.                 :
- - - - - - - - - - - - - - - - -X

OPT-IN CERTIFICATE/CONSENT TO JOIN

TO: THE CLERK OF THE COURT AND TO EACH PARTY AND COUNSEL OF RECORD:

        I, *NETSANET K. DANKI*, hereby swear and/or
affirm that I was employed with Colonial Parking, Inc. in as a
cashier/parking lot attendant at any time between June 1, 2009 and
the present date.

        I, *NETSANET K. DANKI* hereby certify I
am willfully and voluntarily choosing to participate as a
plaintiff in the above-named lawsuit between employees of the
Colonial Parking, Inc. for back-wages, over-time and for failure to
get the final paychecks in a timely manner and liquidated damages,
fees, costs, interest, and other relief deemed appropriate by this
Court for Colonial's failure to pay at the regular rate of pay and
for overtime as required by the Federal Fair Labor Standards
Act(F.L.S.A.) and/or the D.C. Code and for not getting final
paychecks in a timely manner pursuant to D.C. Code §32-1301,
et seq. and liquidated damages, attorneys fees, costs, interest,
and other relief deemed appropriate.

I understand that the law provides that I cannot be discharged or
in any way disciplined or penalized by my employer because of my
participation in this lawsuit or claim.

    Print Name(clearly): *NETSANET K. DANKI*

Address: *1375 ELM Grove circle*

*Silver Spring, MD. 20905*

    (Signature): *N/hut*

    Phone No: *(240)867-2513*

    Date: *12/16/13*

KENNEDY & DOLAN
SUITE 305
100-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000